### SUPERIOR LAMP MFG. CO. v. ZEISLER.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

NEW TRIAL ☞102(2)—NEWLY DISCOVERED EVIDENCE—DILIGENCE—MATERIALITY.

It is error to grant a new trial for newly discovered evidence, where the record and moving affidavits disclose lack of ordinary diligence and the new evidence offered would merely corroborate the adverse party's evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 211; Dec. Dig. ☞102(2).]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Superior Lamp Manufacturing Company against Max Zeisler. Judgment for defendant. From an order of the Municipal Court, granting plaintiff new trial, defendant appeals. Reversed, and judgment directed to be reinstated.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Harry Stackell, of New York City, for appellant.

Bernfeld & Ankus, of New York City (Jacob Bernstein, of New York City, of counsel), for respondent.

GUY, J.   The complaint set forth two causes of action: First, on a check; second, for goods sold and delivered.  As to the first cause of action, defendant admitted the making and delivery of the check, but alleged that it was given under a mistake of fact in payment of goods which did not conform to the contract made by plaintiff with defendant, and accord and satisfaction.  As to the second defense, there was a plea of tender of payment, which was admitted by plaintiff.

These issues were fully tried and determined in favor of the defendant.  Four months after the trial the plaintiff moved for a new trial on the ground of newly discovered evidence, consisting of a statement admitted to have been forwarded by defendant to plaintiff with a check for the amount, which defendant, on the trial, testified represented the amount agreed upon in the alleged accord and satisfaction, and which statement, except as to a variance of one day in the date, and the fact that it was on a letter heading of defendant, instead of on plaintiff's letter heading, as testified to by plaintiff, was in effect the same as the statement called for in the notice to produce served by defendant upon plaintiff before trial and described by defendant in his testimony on the trial, so that plaintiff was fully notified both before and on the trial as to the nature and effect of the alleged statement and its materiality in connection with the issues presented.

It is clear, on all the facts presented by the record and in the moving affidavits, that by the exercise of even ordinary diligence plaintiff could have produced the statement in question on the trial; and, if produced, it is equally apparent that it would have tended to corroborate defendant's testimony as to an accord and satisfaction, so that it would not, in all probability, have in any way altered or affected the result of the trial.  It follows, therefore, that the learned court below erred in granting the motion for a new trial.

Order reversed, with $30 costs, and judgment in favor of defendant directed to be reinstated, with costs in the court below.  All concur.